

**LIZ MURRILL**
**ATTORNEY GENERAL**

STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

June 22, 2026

<u>**VIA ECF**</u>
Lyle W. Cayce
Clerk of Court
United States Court of Appeals, Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, Louisiana 70130-3408

> Re: *Humphrey v. LeBlanc*, No. 26-30301, consolidated with
> *Giroir v. LeBlanc*, No. 25-30644

Dear Mr. Cayce:

Appellant James M. LeBlanc files this letter in response to the Court's June 11, 2026 letter and May 22, 2026 directive regarding whether supplemental briefing is necessary.

To limit unnecessary briefing while ensuring the Court has a complete picture of the issues, Appellant proposes that the Court direct the parties to file a supplemental brief tailored to the two *Humphrey*-specific issues: (1) whether Appellant's qualified immunity defense precludes class certification; and (2) whether Rule 23(b)(3)'s requirements were satisfied. Appellant suggests that the brief should be no longer than 15 pages, and that the Court should require any supplemental brief to be filed within 30 days of the Court's order or other directive requesting such briefs.

As general background, Case Nos. 25-30644 (*Giroir* appeal) and 26-30301 (*Humphrey* appeal) concern certification of two separate classes within the same district court order. Many issues apply to both cases and have already been fully briefed in the *Giroir* appeal, but there are attributes specific to each case. Given that the briefs in the *Giroir* appeal

1



STATE OF LOUISIANA
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804-9005

LIZ MURRILL
ATTORNEY GENERAL

were filed before permission to appeal was granted in *Humphrey*, the parties' briefs in *Giroir* did not address the two issues unique to *Humphrey*: the requirements of Federal Rule of Civil Procedure 23(b)(3) and how Appellant's qualified immunity defense prevents class certification.

From Appellant's perspective, any supplemental briefing in this matter would expand upon arguments raised in the petition, response, and reply filed in No. 25-90028 (the *Humphrey* petition for permission to appeal), which flagged these *Humphrey*-specific concerns. As a result, so long as the Court's consideration of the *Humphrey* appeal will also include review of the parties' filings at the petition stage, supplemental briefing is not strictly necessary, but it would likely aid the Court's resolution of the issues. If, in the absence of supplemental briefing, the Court's consideration would instead be limited to the briefs filed in the *Giroir* appeal, supplemental briefing is essential for the Court to be informed of all issues presented in the *Humphrey* appeal.

Consequently, Appellant respectfully proposes the Court authorize the parties to file one supplemental brief, no longer than 15 pages, within 30 days of any Court order or directive requesting supplemental briefing, limited to two issues: (1) whether Appellant's qualified immunity defense precludes class certification; and (2) whether Rule 23(b)(3)'s requirements were satisfied.



**STATE OF LOUISIANA**
DEPARTMENT OF JUSTICE
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 94005
BATON ROUGE, LA
70804–9005

LIZ MURRILL
ATTORNEY GENERAL

Respectfully submitted,

J. Benjamin Aguiñaga
   Solicitor General of Louisiana

Morgan Brungard
   Deputy Solicitor General

/s/ Elizabeth L. Brown
Elizabeth L. Brown
   Assistant Solicitor General

*Counsel for Appellants*

cc:    All Counsel (via ECF)

3