No. 26-30301

# In the United States Court of Appeals for the Fifth Circuit

BRIAN HUMPHREY, ON BEHALF OF HIMSELF AND ALL SIMILARLY SITUATED INDIVIDUALS; JOEL GIROIR, ON BEHALF OF THEMSELVES AND ALL SIMILARLY SITUATED INDIVIDUALS; BRYANT WHITE, ON BEHALF OF THEMSELVES AND ALL SIMILARLY SITUATED INDIVIDUALS,

*Plaintiffs-Appellees*

v.

GARY WESTCOTT, SECRETARY, DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS, IN HIS OFFICIAL CAPACITY AS SECRETARY OF THE LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS,

*Defendant-Appellant*

From the United States District Court
Middle District of Louisiana
No. 20-cv-233, Hon. John W. deGravelles

## DEFENDANT'S SUPPLEMENTAL BRIEF

ELIZABETH B. MURRILL
Attorney General of Louisiana

OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 406-1864
BrownE@ag.louisiana.gov

J. BENJAMIN AGUIÑAGA
Solicitor General

MORGAN BRUNGARD
Deputy Solicitor General

ELIZABETH L. BROWN
Assistant Solicitor General

*Counsel for Defendant-Appellant*

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required here because, under the fourth sentence of Fifth Circuit Rule 28.2.1, Appellant—as a "governmental" party—need not furnish a certificate of interested persons.

*/s/ Elizabeth L. Brown*
ELIZABETH L. BROWN

# TABLE OF CONTENTS


CERTIFICATE OF INTERESTED PERSONS .......................................... ii

TABLE OF AUTHORITIES .................................................................... iv

ARGUMENT .......................................................................................... 1

I. QUALIFIED IMMUNITY PRECLUDES CERTIFICATION. ................................ 2

A. Qualified Immunity Requires Case-Specific Analysis. ........................................ 3

B. Qualified Immunity Cannot Be Postponed Until After Some Common Question Is Addressed. ........................ 6

II. THE CLASS DOES NOT SATISFY RULE 23(B)(3)'S REQUIREMENTS. .......... 8

A. Individual Questions Predominate Over Any Purported Common Questions. ........................................ 8

B. Classwide Resolution Is Not Superior .......................................... 10

CONCLUSION ........................................................................................ 11

CERTIFICATE OF SERVICE ................................................................. 13

CERTIFICATE OF COMPLIANCE ......................................................... 14

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Alexander v. Hall*,
No. 4:20-CV-21, 2024 WL 4268017
(N.D. Miss. Sept. 23, 2024) .......... 2

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) .......... 8

*Bogard v. Cook*,
586 F.2d 399 (5th Cir. 1978) .......... 2

*Buchicchio v. LeBlanc*,
No. 23-30116, 2024 WL 4603272 (5th Cir. Oct. 29, 2024) .......... 11

*Carswell v. Camp*,
54 F.4th 307 (5th Cir. 2022) .......... 6

*Castano v. Am. Tobacco Co.*,
84 F.3d 734 (5th Cir. 1996) .......... 10, 11

*Crittindon v. LeBlanc*,
37 F.4th 177 (5th Cir. 2022) .......... 3, 6, 11

*Cruson v. Jackson Nat'l Life Ins. Co.*,
954 F.3d 240 (5th Cir. 2020) .......... 8, 9

*Giroir v. LeBlanc*,
No. 25-30644 .......... 8, 11

*Hicks v. LeBlanc*,
81 F.4th 497 (5th Cir. 2023) .......... 11

*Jones v. Diamond*,
594 F.2d 997 (5th Cir. 1979), *on reh'g en banc*,
636 F.2d 1264 (5th Cir. 1981) .......... 2

*Lopez v. Ramirez*,
No. 21-40235, 2022 WL 3230442 (5th Cir. 2022) ................................ 7

*Lynch v. Cannatella*,
810 F.2d 1363 (5th Cir. 1987)................................................................ 6

*Madison v. Chalmette Refin., LLC*,
637 F.3d 551 (5th Cir. 2011)................................................................ 10

*McNeal v. LeBlanc*,
90 F.4th 425 (5th Cir. 2024) ................................................................ 11

*Morrow v. Washington*,
No. 2:08-CV-288, 2009 WL 2591382
(E.D. Tex. Aug. 20, 2009)...................................................................... 2

*Mullenix v. Luna*,
577 U.S. 7 (2015)............................................................................... 3, 5

*Nevarez v. Dorris*,
135 F.4th 269 (5th Cir. 2025) ........................................................... 3, 4

*Parker v. LeBlanc*,
73 F.4th 400 (2023) ............................................................................ 11

*Porter v. Epps*,
659 F.3d 440 (5th Cir. 2011)........................................................ 5, 6, 9

*Prantil v. Arkema Inc.*,
986 F.3d 570 (5th Cir. 2021)............................................................ 2, 8

*Taylor v. LeBlanc*,
No. 21-30625, 2024 WL 3219707 (5th Cir. June 28, 2024) ............... 11

**Other Authorities**

Fed. R. Civ. P. 23 ........................................................................ 1, 8, 10

Missy Wilkinson,
*New Orleans inmate mistakenly released from jail due to clerical error, Sheriff Hutson says*, NOLA.com (July 25, 2025) perma.cc/2DXJ-8V5C .................................................. 5

## ARGUMENT

Plaintiffs have brought a statewide class action for all inmates claiming entitlement to release at sentencing but who remained in custody for over 48 hours. They boldly asked the district court to put the Secretary on the hook for millions in damages without considering the cause of any given delay or even "whether [a class member's] individual detention was reasonable." ROA.5275. Of course, the central questions of their claims—*if* an inmate was unreasonably overdetained, *how* an inmate was overdetained, and *what* former Secretary LeBlanc knew about all that—vary immensely from case to case. So evaluating his qualified immunity to each class member's claim makes such a class fundamentally incompatible with Rule 23 certification—whether the Court calls it predominance, superiority, or another certification requirement. Were it otherwise, the promise that qualified immunity be resolved at the outset of litigation can be hollowed out by class litigation.

Qualified immunity demands an independent analysis for each plaintiff, yet Rule 23(b)(3) covers claims that can be resolved without plaintiff-specific inquiry. The two are incompatible. Certification should be reversed.

## I. QUALIFIED IMMUNITY PRECLUDES CERTIFICATION.

Qualified immunity requires "analyz[ing] the facts surrounding each particular incident" before imposing liability. *Jones v. Diamond*, 594 F.2d 997, 1022 n.24 (5th Cir. 1979), *on reh'g en banc*, 636 F.2d 1264 (5th Cir. 1981). This fact-intensive, plaintiff-specific inquiry is why this Court has questioned certifying (b)(3) classes where qualified immunity applies. *See id.*; *Bogard v. Cook*, 586 F.2d 399, 409 (5th Cir. 1978). Heeding the requirement to "account for issues implicated by" defenses when certifying a class, *Prantil v. Arkema Inc.*, 986 F.3d 570, 578 (5th Cir. 2021) (citation omitted), courts have likewise declined to certify (b)(3) classes involving that defense, *Alexander v. Hall*, No. 4:20-CV-21, 2024 WL 4268017, at *6–9 (N.D. Miss. Sept. 23, 2024); *Morrow v. Washington*, No. 2:08-CV-288, 2009 WL 2591382, at *1 (E.D. Tex. Aug. 20, 2009).

This class action has already departed from basic principles of qualified immunity jurisprudence—qualified immunity is circumstance-specific and must be assessed at the earliest stage possible, not adjudicated jointly or after common questions have been decided. This Court should reverse class certification due to the Secretary's qualified immunity defense.

### A. Qualified Immunity Requires Case-Specific Analysis.

When assessing qualified immunity, courts must address the "question in 'the specific context of the case'" rather than "at a high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 16 (2015) (citation omitted). As the district court recognized, ROA.5229-30, the clearly established law here is a generalized notion of a "right to timely release from prison," *Crittindon v. LeBlanc*, 37 F.4th 177, 188 (5th Cir. 2022) (citation omitted). What constitutes "timely" is contingent on the circumstances: "[I]t is reasonable for jailers to have some administrative delay in processing an inmate's discharge." *Id.* So the length *and* cause of the delay—facts unique to each inmate—are decisive for immunity.

Here, the class encompasses all delays "more than 48 hours" after remand to DPSC custody, ROA.5286, even though the district court recognized this Court "has not definitively set a time less than [a month]," ROA.5230. To suggest this shorter time period was clearly established, it cited three district court cases and a law review article. ROA.5230-38 (citation omitted). Those cases "cannot provide the requisite clearly established law." *Nevarez v. Dorris*, 135 F.4th 269, 275 (5th Cir. 2025).

That Plaintiffs could only point the district court to such authority should have been the sign this class could not be certified. *Id.*

But even if the Court believes that the generalized right to timely release could put an official on notice of a violation for a period shorter than a month, that still depends on the circumstances of whether the procedures involved in a particular inmate's release caused an unnecessary delay. And the facts presented to the district court prior to certification made clear that the 48-hour catchall would sweep in reasonable processing. *See* ROA.5177-81 (explaining release process requirements). Beyond that, each class member's release involves individual circumstances that can also lengthen the time from sentencing to release from custody. Take the case of Named Plaintiff Joel Giroir, whose release was delayed due to the 2021 Winter Storm Uri that "caused all state offices in Avoyelles Parish to be closed" for a week. ROA.5183. Or Bryant White, whose release was delayed while the Parole Board addressed his parole revocation, ROA.5186-87, or Brian Humphrey, whose release was delayed after processing officials were told he had already been released, ROA.5184-85. Proving each of their claims demands showing the Secretary's specific knowledge of unreasonable

delays from ice storm closures, or Parole Board delays, or erroneous reports that an inmate had been released—questions unique to each of them. *See Porter v. Epps*, 659 F.3d 440, 447–48 (5th Cir. 2011).

And these are just the three class members who have already identified themselves. There are myriad reasons for delay, and several have nothing to do with the Secretary. Sometimes jails confuse prisoners with similar names and release the wrong one. *See* Missy Wilkinson, *New Orleans inmate mistakenly released from jail due to clerical error, Sheriff Hutson says*, NOLA.com (July 25, 2025), perma.cc/2DXJ-8V5C. Other times, a judge issues an unclear sentence, requiring an inmate to be brought "back in court to put them back on the record to clari[f]y [the] sentence" so that his time can be calculated. ROA.5454-55. Must the Secretary somehow demand a judge clear his calendar (not to mention the schedules of the prosecutor and defense counsel) and hold a new hearing within a few hours of DPSC learning of the problem lest he be liable? No case establishes that, yet Plaintiffs ask this Court to handwave that issue under the guise of generalized delays exceeding 48 hours.

Qualified immunity bars ignoring distinct facts when imposing liability. *Mullenix*, 577 U.S. at 16–18. Certifying this class on the basis

that "variations in individual circumstances" are irrelevant, ROA.5257, demonstrates that this safeguard will go unheeded in a class action.

### B. Qualified Immunity Cannot Be Postponed Until After Some Common Question Is Addressed.

These problems make it obvious that at least some members of the class cannot overcome the Secretary's qualified immunity on their own claims. Imagine if a generic class member filed an independent lawsuit asserting that unidentified policies delayed his release by 48 hours. The Secretary would immediately move for dismissal based on the "month-long delay" threshold, *Crittindon*, 37 F.4th at 188, and the requirement of particular allegations as to why this release was delayed and how the Secretary knew of a preexisting problem. *Porter*, 659 F.3d at 447–48. Given a plaintiff cannot overcome immunity without these allegations, the case would be dismissed before the Secretary would face the costs of discovery and litigation. *Carswell v. Camp*, 54 F.4th 307, 312–13 (5th Cir. 2022). Yet here, that same class member provides *none* of those allegations but obtains discovery by relying on others' assertions.

A defendant is "entitled to *specific recitals* of the wrong [he] is alleged to have perpetrated on *each plaintiff*." *Lynch v. Cannatella*, 810 F.2d 1363, 1377 (5th Cir. 1987) (emphases added). Thus "[w]hen multiple

plaintiffs each lodge claims against [a] defendant[], the complaint must allege sufficient facts to state plausible claims to relief as to *each* plaintiff's claim against *each* defendant." *Lopez v. Ramirez*, No. 21-40235, 2022 WL 3230442, at *1 (5th Cir. 2022) (per curiam). But here, individual class members point to the named plaintiffs' allegations and pretend their circumstances are no different, leaving the Secretary with a difficult choice: Ferret out those class members who cannot overcome qualified immunity on his own, or essentially waive his immunity from suit until the *last* stage of the case when individual inquiries are finally addressed.

That problem leads to another. A "granular plaintiff-by-plaintiff ... analysis from the district court" is needed for appellate review of a qualified immunity denial. *Id.* That analysis for thousands of plaintiffs is not feasible. Likely recognizing this, the district court rejected the need to conduct individualized analyses here. ROA.5257. So any order denying qualified immunity will likely be insufficient for appellate review.

Qualified immunity's demands cannot be satisfied here. Certification should be reversed.

## II. THE CLASS DOES NOT SATISFY RULE 23(B)(3)'S REQUIREMENTS.

A (b)(3) class can only be maintained if the classwide issues predominate over individual ones and if class adjudication is superior to independent actions. *Prantil*, 986 F.3d at 576. This class satisfies neither.

### A. Individual Questions Predominate Over Any Purported Common Questions.

For the reasons discussed in the Secretary's briefing in *Giroir v. LeBlanc*, No. 25-30644, ECF 32; 38, this class fails the basic Rule 23(a) commonality requirement, so it is unsurprising that it cannot surmount the "'far more demanding' hurdle" of predominance, *Prantil*, 986 F.3d at 577 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 624 (1997)). Predominance "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623. This demands "weigh[ing] common issues against individual ones and determin[ing] which category is likely to be the focus of a trial." *Cruson v. Jackson Nat'l Life Ins. Co.*, 954 F.3d 240, 254 (5th Cir. 2020) (citation omitted). If the class will "degenerat[e] into a series of individual trials," predominance is lacking. *Id.* (citation omitted).

This class is doomed to devolve into individual trials. Addressing the crucial questions of why a class member was not released sooner and

whether the Secretary was deliberately indifferent requires examining the circumstances of a member's release. And proof that there were some deficient policies cannot resolve every deliberate indifference claim presented here. *Porter*, 659 F.3d at 446–48.

Numerous individual inquiries therefore "will control the outcome" of liability for each class member. *See Cruson*, 954 F.3d at 254 (citation omitted). Just look at the Named Plaintiffs: Giroir must prove knowledge of paperwork delays and unconstitutional policies related to ice storms and office closures, ROA.5181-83, while Humphrey needs to prove a pattern of inaccurate reports that inmates had already been released, ROA.5184-85, and White must demonstrate knowledge of unreasonable delays by the parole officers and Parole Board in processing holds *and* address how he was harmed by any purported delay given that he was still subject to further detention due to an outstanding detainer, ROA.3613, 5186. These inquiries do not overlap and yet all fall within the class. Based on prior cases, this Court can be certain that even more unique situations are involved.

Questions controlling liability turn on individual circumstances from start to finish. *Cruson*, 954 F.3d at 254. Predominance is lacking.

**B. Classwide Resolution Is Not Superior.**

The problems already outlined ensure superiority is also missing. Superiority is "a fact-specific analysis" of whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Madison v. Chalmette Refin., LLC*, 637 F.3d 551, 555 (5th Cir. 2011) (quoting Fed. R. Civ. P. 23(b)(3)).

One relevant circumstance is how "certification dramatically affects the stakes for defendants." *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 746 (5th Cir. 1996). Given the class definition, numerous class members could not survive a motion to dismiss if they were forced to bring their own cases. But rather than immunity from suit, the Secretary has been forced into discovery and expensive, time-consuming litigation. With the district court's insistence that individual circumstances—including "whether an individual detention was reasonable"—will not matter in how it addresses these claims, ROA.5257, 5275, hundreds of meritless claims could get dragged to trial and potential liability. That accumulated liability risk creates intense pressure to settle when the Secretary should be shielded from litigation altogether. Trampling over the Secretary's rights is not a superior method of adjudication. *Castano*, 84 F.3d at 747.

The district court found superiority because it believed individuals have not brought enough individual actions and a class would promote judicial economy. ROA.5275. The extensive individual inquiries involved in this case will make this unmanageable, not efficient. *See supra* Sections I & II.A. As for individual suits, this Court's prior delayed releases cases demonstrate that those who desire to seek relief will do so. *E.g.*, *Crittindon*, 37 F.4th 177, *Hicks v. LeBlanc*, 81 F.4th 497 (5th Cir. 2023); *Parker v. LeBlanc*, 73 F.4th 400 (2023); *McNeal v. LeBlanc*, 90 F.4th 425 (5th Cir. 2024); *Buchicchio v. LeBlanc*, No. 23-30116, 2024 WL 4603272 (5th Cir. Oct. 29, 2024); *Taylor v. LeBlanc*, No. 21-30625, 2024 WL 3219707 (5th Cir. June 28, 2024). A viable claim of delayed release is not a negative value suit because damages and fee shifting are available to a prevailing plaintiff. *See Castano*, 84 F.3d at 748. Superiority cannot be satisfied by simply saying that there are more allegedly injured parties than there are lawsuits.

## CONCLUSION

For these reasons and those explained in the prior *Giroir* briefing, the Court should reverse class certification.

Respectfully submitted,

Dated: November 10, 2026

ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

MORGAN BRUNGARD
Deputy Solicitor General

*/s/ Elizabeth L. Brown*
ELIZABETH L. BROWN
Assistant Solicitor General
OFFICE OF THE ATTORNEY GENERAL
1885 N. 3rd St.
Baton Rouge, LA 70802
(225) 406-1864
BrownE@ag.louisiana.gov

*Counsel for Defendant-Appellant*

## CERTIFICATE OF SERVICE

I certify that on November 10, 2026, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record.

*/s/ Elizabeth L. Brown*
ELIZABETH L. BROWN

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this supplemental brief complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 2131 words; and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 365 (the same program used to calculate the word count).

*/s/ Elizabeth L. Brown*
ELIZABETH L. BROWN

Dated: November 10, 2026